# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| RIGHT OF WAY MAINTENANCE COMPANY | § | |
| D/B/A ROWMEC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-05-4081 |
| | § | |
| GYRO-TRAC, INC. AND | § | |
| GYRO-TRAC (USA), INC., | § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON BILL OF COSTS

Pending before the court is Rowmec's motion for costs.  Dkt. 159.  Upon consideration of Rowmec's motion, Gyro-Trac's objections, the bills presented, and the applicable law, it is the decision of the court that the motion will be GRANTED IN PART as detailed below.

## BACKGROUND

On June 6, 2007 a jury verdict was rendered for the plaintiffs in this case.  Dkt. 150.  The court issued a final judgment on June 12, 2007.  Dkt. 154.  Pursuant to that final judgment, Rowmec, as the prevailing party, moved the court for an award of costs in the total amount of $19, 801.83 under 28 U.S.C. § 1920.  Dkt. 159.  On July 16, 2007, Gyro-Trac filed its objections to Rowmec's bill of costs.  Dkt. 163.

## STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  FED. R. CIV. P. 54(d)(1).  Title 28 U.S.C. § 1920 sets forth the categories of costs allowable.  *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case . . .

28 U.S.C. § 1920. "[A] district court may decline to award costs listed in the statute but may not award costs omitted from the list." *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 107 S. Ct. 2494 (1987)).

## ANALYSIS

Gyro-Trac objects generally to a lack of specificity in opposing counsel's affidavit with regards to the necessity of the costs. The affidavit itself attests only to the necessity of the costs, but does not break them down into detail. However, the affidavit is only one exhibit to the motion for costs. The other exhibit is a detailed breakdown with invoices attached of all the costs. As such, the court finds that counsel for Rowmec have supplied ample itemized explanations of the costs they seek and Gyro-Trac's generalized objection will be overruled.

Additionally, Gyro-Trac objects to many specific costs included in Rowmec's motions for costs under 28 U.S.C. § 1920(3).

## A.    Travel

Gyro-Trac objects to costs for travel and subsistence included for Roger Wayman. Mr. Wayman's deposition was taken on November 17, 2006 in South Carolina where he is a resident. However, Gyro-Trac points out that Rowmec has included costs for roundtrip airfare for Mr. Wayman on September 13, 2006 purportedly for his deposition. In addition to airfare, Rowmec included subsistence costs for Wayman's deposition. Rowmec has not responded to this objection.

2

Therefore, the court sustains Gyro-Trac's objection as to the travel and subsistence costs for Mr. Wayman on September 13, 2006, and Rowmec's costs will be reduced by $ 892.10. Additionally, Rowmec has added a fee for attendance of $40.00 for Wayman's deposition. Although Wayman did not fly to Houston for his deposition, he did attend his deposition in South Carolina, so the attendance fee is proper. Accordingly, Gyro-Trac's objection to Wayman's attendance fee is overruled.

**B.    Expert Depositions**

Gyro-Trac objects to the deposition costs of Robert Curfiss and Randall King, both experts who were not used at trial. Rowmec counters that it intended to use those experts at trial and that reason is sufficient to recover costs for their depositions. The court agrees. It is well-established in the Fifth Circuit that "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991); *see also Sterns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Curfiss did not testify because the court excluded his testimony based on a *Daubert* objection. However, there is no doubt that Rowmec wanted to use Curfiss's testimony at trial as evidenced by their vigorous opposition to his exclusion. King did not testify at trial because the morning that trial was to begin, Rowmec dropped the claim about which he was to testify. Every indication is that the decision to drop the claims related to the swing tooth versus fixed tooth technology was a last minute decision. Had the swing tooth technology remained an issue, King's testimony would have been crucial to aid the jury—and the court—in understanding the difference between the two technologies. Therefore, the court finds that Rowmec had "a reasonable expectation that [their depositions would] be used for trial

3

preparation. *Stearns*, 170 F.3d at 536.  Accordingly, Gyro-Trac's objections to the costs for the deposition of Curfiss and King are overruled.

**C.     Copies**

The remainder of Gyro-Trac's objections are to copying costs.  Gyro-Trac objects that Rowmec did not specify the number of sets of copies represented by the attached invoices.  They also object to some of the copies made of the exhibits to Kristi Wessinger's deposition.  Rowmec argues that it put a description of the copies on every invoice it attached.  Rowmec further points to case law that clearly states that it need not identify every copy made.  Dkt. 164 at 2 (citing *Neutrino Dev. Corp. v. Sonosite, Inc.,* No. H-01-2484, 2007 WL 998636, at *3 (S.D. Tex. Mar. 30, 2007) (citing *Fogelman*, 920 F.2d at 286)).  Additionally, in its reply, Rowmec further described the number of sets of copies covered by the invoices.  Rowmec also provided a more detailed explanation of the copies of Kristi Wessinger's deposition exhibits.  The court finds that the description of the copies made is sufficiently detailed and that they were necessary for use in this case.  Therefore, Gyro-Trac's objections with regard to all of the copies—including Kristi Wessinger's deposition exhibits—is overruled.

## CONCLUSION

Pending before the court is Rowmec's motion for costs.  Dkt. 159.  For the reasons discussed above, the motion shall be GRANTED IN PART.  Accordingly, it is ORDERED that costs shall be taxed against Gyro-Trac as follows:

| | |
|---|---|
| Court Costs | $250.00 |
| Service for Subpoena/Summons | $246.80 |
| Court Reporter/Transcripts | $8,078.25 |
| Witness Fees | $1,803.21 |
| Copies | $8,531.47 |
| **Total** | **$18,909.73** |

It is so ORDERED.

Signed at Houston, Texas on August 6, 2007.

_____

Gray H. Miller
United States District Judge