IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY D/B/A ROWMEC<br>Plaintiff<br><br>V.<br><br>GYRO-TRAC, INC. AND<br>GYRO-TRAC (USA), INC.<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION 4:05-4081 |

**PLAINTIFF'S SECOND POST-JUDGMENT MOTION TO COMPEL**

TO THE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY ("ROWMEC"), and files this Second Post-Judgment Motion to Compel against Gyro-Trac, Inc. and Gyro-Trac, (USA), Inc. ("Defendants") and for cause would show this Honorable Court as follows:

**I.**

**PRELIMINARY STATEMENT**

1. For over nine months, Defendants have avoided producing any real, meaningful financial information by assuring counsel that they intended to post a supersedeas bond. Although Plaintiff can do little now about the fact that Defendants gained a substantial delay by their conduct, Plaintiff is now simply asking this Court to do three things: (1) compel Defendants to produce the documents they have already been ordered to produce in response to Plaintiff's first set of written post-judgment discovery (Dkt. Entry #198); (2) compel Defendants to produce documents in response to Plaintiff's second set of written post-judgment discovery; and (3) create real consequences for Defendants for any further delay or failure to supplement.

## II.

## RELEVANT PROCEDURAL HISTORY

**A.     Plaintiff Has Served Two Sets of Written Post-Judgment Discovery.**

2.      On September 27, 2007, Rowmec sent standard post-judgment interrogatories and requests for production to the Defendants seeking discovery of the Defendants' basic assets and financial condition.

3.      As this Court will recall Defendants objected and refused to produce any documents or provide any information. Defendants' objections and responses were filed under seal with the Court (Dkt. Entries #194, and #195). Because Defendants essentially produced no information, Plaintiff had to file a motion to compel.

4.      As a result of Plaintiff's first Motion to Compel (Dkt. Entry #193), this Court held a hearing granting Plaintiff's Motion to Compel and ordering Defendants to respond within thirty days of November 8, 2007 (Dkt. Entry #198). Accordingly, those supplemental responses were due December 7, 2007.

5.      In January 2008, Plaintiff served the Gyro-Trac Defendants with a second set of requests for production. These requests asked the Defendants to produce 26 specific categories of documents that are narrowly tailored to essential financial data.

6.      Rather than produce any documents, Defendants made the following objection to every single request: "Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution." *See* Exhibits 1 and 2 attached hereto (Defendant Gyro-Trac, Inc.'s Responses and Objections to Plaintiff's Second Request for Production, and Defendant Gyro-Trac (USA), Inc.'s Responses and Objections to

2

Plaintiff's Second Request for Production, respectively).

## B. Defendants Have Produced Very Limited Financial Information and No Current Financial Data.

7. So the Court will know exactly what Defendants have and have not produced, the following is an index of the documents that Defendants did produce in response to Plaintiff's discovery requests[1]:

  a. Defendant Gyro-Trac (USA), Inc.'s customers and their addresses (Gyro-Trac 002423-2428)("**Customer List**");[2]

  b. Defendant Gyro-Trac (USA), Inc.'s accounts receivable as of October 2007 (Gyro-Trac 002429-2430)("**GTUI 10/07 AR's**");

  c. Non-consolidated financial statements for Gyro-Trac, Inc. as of November 30, 2006 (Gyro-Trac 002431-002461)("**GTI '06 Financials**");

  d. Defendant Gyro-Trac, Inc.'s Canadian tax return for 2006 (Gyro-Trac 002462-002486)("**GTI '06 Canadian Return**");

  e. Guaranty executed by Defendant Gyro-Trac, Inc. at the Bank of Montreal and attendant security agreements (Gyro-Trac 002487-002514)("**BOM Guaranty**");

  f. Loan documents executed by Defendant Gyro-Trac (USA), Inc. at Branch Banking and Trust Company in South Carolina and attendant loan documents (Gyro-Trac 002515-002542)("**Branch Bank Loan Docs.**")[3]

  g. Defendant Gyro-Trac (USA), Inc.'s United States income tax return for year ended November 30, 2006 (Gyro-Trac 002684-002729)("**GTUI '06 Return**");

---

[1] Because Plaintiff and their counsel are mindful of the need to protect Defendants' confidential financial information, this index is based on the representation of the undersigned counsel. However, should the accuracy of this index become an issue, Plaintiff will file all the produced documents under seal.

[2] Documents (a) through (k) listed here were only produced after this Court granted Plaintiff's First Motion to Compel in November 2007. Prior to that, as the Court will recall, Defendants simply refused to provide any information.

[3] This document contains very limited cash flow data for Defendant Gyro-Trac (USA), Inc. for a short, undisclosed period that appears to be for a time earlier than December 10, 2007 (Gyro-Trac 002531-002542).

  h.  Defendant Gyro-Trac (USA), Inc.'s United States income tax return for year ended November 30, 2005 (Gyro-Trac 002730-002768)("**GTUI '05 Return**");

  i.  Defendant Gyro-Trac (USA), Inc.'s income tax return for the State of South Carolina for year ended November 30, 2005 (Gyro-Trac 002543-002568)("**GTUI '05 SC Return**");

  j.  Defendant Gyro-Trac (USA), Inc.'s United States income tax return for year ended November 30, 2004 (Gyro-Trac 002569-002622)("**GTUI '04 Return**");

  k.  Defendant Gyro-Trac (USA), Inc.'s United States income tax return for year ended November 30, 2002 (Gyro-Trac 002623-002683)("**GTUI '02 Return**");

  l.  Defendant Gyro-Trac (USA), Inc.'s statement of inventory as of an undisclosed date (Gyro-Trac 002769-002782)("**GTUI Inventory**");[4] and

  m.  Defendant Gyro-Trac (USA), Inc. financial statement as of November 30, 2007 (Gyro-Trac 002800-002818)("**GTUI '07 Financials**").[5]

8. The foregoing is complete list of the documents produced by Defendants in response to post-judgment discovery. No other documents have been produced. Also problematic is the fact that Defendants most current production is for the fiscal year ending November 2007 and then only for Gyro-Trac (USA), Inc.

## II.

## ARGUMENTS AND AUTHORITIES

**A.** **Plaintiff Is Entitled to Post-Judgment Discovery.**

---

[4] After receiving Plaintiff's complaints about grossly inadequate document production, on January 8, 2008, Defendants produced this one additional document.

[5] Although counsel for Defendants represented to counsel and the Court at the hearing on Defendants' Motion to Supersede Judgment and Stay Execution on February 20, 2008 that he would produce updated financial data by March 17, 2008 (the Court's deadline for posting security for the judgment), Defendants only produced this document on March 31, 2008, and then only after the undersigned counsel advised Defense counsel that this motion to compel would be forthcoming.

4

9.      Plaintiff has a right to discover information pertaining to a Defendant's ability to satisfy a judgment. *See F.D.I .C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir.1995) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made.") Federal Rule of Civil Procedure 69(a) allows the normal procedure of compelling answers to discovery to apply to post-judgment discovery requests. FED.R.CIV.P.69(a); *see also McElveen v. Carib Inn Intern., Inc .,* 71 F.R.D. 193, 194 (S.D.Tex.1976). Therefore, as in pre-trial discovery, if the party against whom discovery is sought fails to answer, Rule 37(a)(2)(B) allows the discovering party to compel.

**B.    There Are Numerous Requests in Response to Which Defendants Have Produced No Information.**

10.     In hopes that it will assist the Court efficiently review Plaintiff's discovery complaints, the following table sets out, in paraphrased form, the documents that Plaintiff has requested and notes about documents produced and Plaintiff's complaint about that production:[6]

*(1)    Tax returns for the last 5 years (RFP #1, Set 1)*

>   **Produced**:   GTI '06 Financials
>                   GTI '06 Canadian Return
>                   GTUI '06 Return
>                   GTUI '05 Return
>                   GTUI '05 SC Return
>                   GTUI '04 Return
>                   GTUI '02 Return
>
>   **Missing**:    GTI returns for 2002, 2003, 2004, 2005, and 2007
>                   GTUI returns for 2003, and 2007
>
>   **Argument**:   Clearly, Defendants' tax returns are relevant to Plaintiff's efforts to collect its judgment.

---

[6] Unless otherwise noted, the requests for production to each of the Defendants are identical and will be discussed together.

*(2)    Loans to the company (RFP #3, Set 1)*

    **Produced**:   Branch Bank Loan Docs.
                         BOM Guaranty

    **Missing**:    The contents of the loan files and copies of the documents supplied by Defendants to the loaning entities to secure the loans.

    **Argument**:  The documents produced do not disclose what financial information, if any, was supplied by the Defendants to the relevant banks. Plaintiff wants to verify whether the financial data it is supplying in this case is the same as or different from the financial data the Defendants supply to their lenders. Moreover, from time to time, it is customary for banks to request updated financials and Plaintiff seeks to discovery whether or not any such updated financials have been produced to the lending banks.

*(3)    Identity of physical assets (RFP #4, Set 1)*

    **Produced**:   GTUI Inventory

    **Missing**:    GTI inventory

    **Argument**:  The GTUI Inventory produced does not state the date at which the inventory was made. Moreover, Defendants have not produced any information that would let Plaintiff know whether or not that inventory has been increased, decreased, sold, mortgaged, or otherwise transferred. The location and value of that inventory, on a continually updating basis, is important so that Plaintiff can properly execute on Defendants' physical assets in satisfaction of its judgment.

*(4)    All sources of income (RFP#5, Set 1)*

    **Produced**:   Nothing.

    **Argument**:  This request is different from the tax return information, which does disclose, in a limited sense, sources of income. The only accounting document(s) that would completely and accurately disclose all sources of income for the Defendants would be their general ledgers. None of that information has been produced.

*(5)    Profit and loss statements and balance sheets for last 5 years (RFP#6, Set 1)*

6

      **Produced**:    GTUI '07 Financials
                          GTI '06 Financials

      **Missing**:    GTUI Financials for 2002, 2003, 2004, 2005, 2006, and current financials
                          GTI Financials for 2002, 2003, 2004, 2005, 2007, and current financials

      **Argument**:    One of the ongoing, serious problems confronted by Plaintiff is the lack of accurate, recent financial data. Plaintiff's collection efforts are hamstrung by what appears to be an intentional effort by Defendants to secret their most current financial data. In effect, this creates a moving target for Plaintiff and, with respect to GTI, the most recent information is 4 months old and 16 months old for GTUI.

**(6)**    *Evidence of ownership of other businesses (RFP #10, Set 1)*

      **Produced**:    Nothing.

      **Argument**:    Based on information and belief, and evidence at trial, GTI has an ownership interest in a variety of other companies, including Gyro-Trac (West Coast), Inc., Gyro-Trac (Technologies), Inc., Denis Cimaf company, and Usitech Nov Inc. However, the Defendants have not produced any documents responsive to this request.

**(7)**    *Accounts receivable (RFP #15, Set 1; RFP #7, Set 2)*

      **Produced**:    GTUI 10/07 AR's

      **Missing**:    Current account receivables for GTUI
                          Any account receivables for GTI

      **Argument**:    Clearly, receivables are relevant on many different levels to Plaintiff's collection efforts. First, Plaintiff needs to be able to garnish payments from debtors to Defendants. Second, the date and timing the receivables are relevant to the analysis to Defendants' solvency.

**(8)**    *Financials submitted to Defendants' creditors (RFP #2, Set 2)*

      **Produced**:    Nothing.

      **Argument**:    For the same reasons discussed in Item (2), above, Plaintiff seeks to disclose the nature, scope, and content of the financial data that Defendants are providing their creditors.

(9)   *2007 general ledger (RFP #3, Set 2)*

    **Produced**:   Nothing.

    **Argument**:   Clearly, Defendants' general ledgers may one of the most important, if not the most important, sources of financial data that Plaintiff will need. Accordingly, Defendants should produce complete, unabridged copies of their general ledgers for the requested time period.

(10)   *Transactions with related companies (RFP #4, Set 2; RFP #9, Set 2; RFP #15, Set 2; RFP #24, Set 2)*

    **Produced**:   Nothing.

    **Argument**:   These requests seek to discovery what, if any, transaction are occurring between Defendants and related entities. The transaction, depending on the dates, scope, and amounts, may be voidable or otherwise subject to set aside under a variety of state corporation laws, particularly if Defendants are using these transactions with related entities to drain funds from the judgment debtors in order to protect those assets.

(11)   *Documents provided to Mallette (CPA's) (RFP #6, Set 2)*

    **Produced**:   Nothing.

    **Argument**:   Here again, Plaintiff simply seeks to discovery what financial data Defendants are providing their accountants. This is relevant to all aspects of Plaintiff's collection efforts and that information is necessary to Plaintiff.

(12)   *Contracts for sale of the corporation's products (RFP #8, Set 2)*

    **Produced**:   Nothing.

    **Argument**:   According to its website, Defendants have made arrangements, presumably contractual, with a variety of companies, including but not limited to Vermeer related entities, to distribute and service their products throughout the United States, Canada, and other parts of the world. Because many of these entities are likely to owe money to Defendants, the terms and extent of any payments and debts between the companies is highly relevant. In addition, to the extent that Defendants are trying to transfer their ongoing business operations to these other, third-party

companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories. Accordingly, those documents should be produced.

*(13) Checking account agreements (RFP #10, Set 2)*

**Produced**: Nothing.

**Argument**: This information is necessary so that Plaintiff can make an accurate, forensic accounting of money paid to, and from, the Defendants, including those transactions between third-party debtors, creditors, and affiliated entities.

*(14) Checking account statements (RFP #11, Set 2)*

**Produced**: Nothing.

**Argument**: This information is necessary so that Plaintiff can make an accurate, forensic accounting of money paid to, and from, the Defendants, including those transactions between third-party debtors, creditors, and affiliated entities.

*(15) Board minutes regarding the payment of monies to related entities and solvency of company in response to Plaintiff's judgment (RFP #12, Set 2)*

**Produced**: Nothing.

**Argument**: To the extent that Defendants are trying to transfer their ongoing business operations to related entities or third-party companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories, including numerous state statutes relevant to corporate governance and transactions. Accordingly, those documents should be produced.

*(16) Management contracts executed with the company (RFP #13, Set 2)*

**Produced**: Nothing.

**Argument**: Because they may be another tool or vehicle through which Defendants are transferring cash or other assets to insiders, the scope and terms of any management agreements executed by the Defendants are highly relevant and should be produced.

(17)   *Ownership of company's assets (RFP #14, Set 2)*

      **Produced**:   Nothing.

      **Argument**:   For obvious reasons, Plaintiff is entitled to learn how and by whom the assets of the Defendants are owned.

(18)   *Evidence of sales and costs of goods sold with related entities (RFP #16, Set 2; RFP #18, Set 2)*

      **Produced**:   Nothing.

      **Argument**:   To the extent that Defendants are trying to transfer their ongoing business operations to related entities or third-party companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories, including numerous state statutes relevant to corporate governance and transactions. Accordingly, those documents should be produced.

(19)   *Evidence of acquisition of inventory (RFP #17, Set 2)*

      **Produced**:   Nothing.

      **Argument**:   To the extent that Defendants are trying to transfer their ongoing business operations to related entities or third-party companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories, including numerous state statutes relevant to corporate governance and transactions. Accordingly, those documents should be produced.

(20)   *Payment of royalties to company (RFP #19, Set 2)*

      **Produced**:   Nothing.

      **Argument**:   Again, all sources of income to Defendants are relevant to Plaintiff's collection efforts. Accordingly, these documents should be produced.

(21)   *Supply agreements between company and any related party (RFP #20, Set 2)*

      **Produced**:   Nothing.

    **Argument**: To the extent that Defendants are trying to transfer their ongoing business operations to related entities or third-party companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories, including numerous state statutes relevant to corporate governance and transactions. Accordingly, those documents should be produced.

*(22)   Sales agreement between company and any related party (RFP #21, Set 2)*

    **Produced**: Nothing.

    **Argument**: To the extent that Defendants are trying to transfer their ongoing business operations to related entities or third-party companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories, including numerous state statutes relevant to corporate governance and transactions. Accordingly, those documents should be produced.

*(23)   Ownership of stock in company (RFP #22, Set 2; RFP #23, Set 2)*

    **Produced**: Nothing.

    **Argument**: For obvious reasons, Plaintiff is entitled to learn how and by whom the stock of the Defendants are owned.

*(24)   Financial statements for Gyro-Trac (West Coast), Inc. and Gyro-Trac (Technologies), Inc. (RFP #25, Set 2; RFP #26, Set 2)*

    **Produced**: Nothing.

    **Argument**: To the extent that Defendants are trying to transfer their ongoing business operations to related entities or third-party companies, those may be transfer or transaction subject to collateral attack by a judgment creditor like Plaintiff under a variety of theories, including numerous state statutes relevant to corporate governance and transactions. Accordingly, those documents should be produced.

11. The foregoing requests, for the reasons stated, are proper and appropriate requests. Accordingly, any objections made by Defendants to those requests should be overruled and Defendants should be ordered to produce responsive documents immediately.

**C.      Plaintiff Seeks Reasonable Relief.**

12.     Plaintiff seeks the following relief, which Plaintiff would suggest is reasonable and within this Court's equitable and legal powers:

a.      Overrule Defendants' objections to Plaintiff's First Set of Requests for Production and Plaintiff's Second Set of Requests for Production to each defendant;

b.      Order Defendants to produce all documents responsive to each of the discovery requests argued and identified in this motion to compel;

c.      Order Defendants to supplement financial data discovery once every thirty days on a rolling basis so that Plaintiff can stay appraised of Defendants' finances and to obviate the need for ongoing, repetitive motions to compel; and

d.      Create a financial deterrent that will encourage Defendants to comply with this Court's order and avoid any further failures to comply with discovery orders.

## IV.

## CERTIFICATE OF CONFERENCE

13.     The undersigned counsel represents that he has conferred with counsel for the Defendants but no resolution of this matter could be reached.

WHEREFORE, PREMISES CONSIDERED, Plaintiff RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY prays that this Court grant its Motion to Compel, enter an order as prayed, and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Christopher A. Bandas
Christopher A. Bandas
State Bar No. 00787637
Southern Bar No. 17509
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Ste. 1020
Corpus Christi, Texas 78471
Telephone: (361) 698-5200
Fax: (361) 698-5222

Patricia A. Shackelford
State Bar No. 00788393
Federal No. 18745
Shackelford Law Firm
P. O. Box 419
Corpus Christi, Texas 78403-0419
Telephone: (361) 880-7543
Fax: (361) 887-9507

Jeffrey D. Meyer
State Bar No. 00788048
Federal No. 18294
Moulton & Meyer, LLP
600 Travis Street, Ste. 6700
Houston, Texas 77002
Telephone: (713) 353-6699
Fax: (713) 353-6698

Ronald A. Simank
Schauer & Simank, P.C.
State Bar No. 18359400
Federal Bar No. 0359
615 Upper N. Broadway, Ste. 2000
Corpus Christi, TX 78477
Telephone: (361) 884-2800
Fax: (361) 884-2822

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above *Plaintiff's Second Motion to Compel* was served upon all counsel of record as indicated below on the 1st day of April 2008.

**Via CM/ECF Electronic Notice**
Mr. James Patrick Keenan
Mr. Jared G. LeBlanc
Mr. Mark A. Kerstein
Buck, Keenan, Gage, Little & Lindley, LLP
700 Louisiana Street, Ste. 5100
Houston, Texas 77002-2732

                                            /s/ Christopher A. Bandas
                                            Christopher A. Bandas