## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY D/B/A ROWMEC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-05-4081 |
| GYRO-TRAC, INC. AND GYRO-TRAC (USA), INC., | § § § | |
| Defendants. | § § | |

---

## GYRO-TRAC, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

---

To:   Plaintiff, by and through its attorney of record, Christopher Bandas, Bandas Law Firm, P.C., 500 North Shoreline Blvd., Suite 1020, Corpus Christi, Texas 78471.

Defendant, Gyro-Trac, Inc.'s Responses and Objections to Plaintiff's Second Request for

Production, as follows:

Respectfully Submitted,

By:_____
James P. Keenan
Texas Bar No. 1167850
Federal Bar No. 1421

ATTORNEY-IN-CHARGE FOR DEFENDANTS

OF COUNSEL:

Jared G. LeBlanc
Texas Bar No. 24046279
Federal Bar No. 575408

BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.
5100 Bank of America Center
700 Louisiana
Houston, Texas 77002
(713) 225-4500
(713) 225-3719 fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Gyro-Trac, Inc.'s Responses and Objections to Plaintiff's Second Request for Production was forwarded to the following counsel of record in this cause by certified mail, return receipt requested, on February 11th, 2008, pursuant to L.R. 83.3.

Mr. Christopher Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
ATTORNEY-IN-CHARGE FOR PLAINTIFF

Jared G. LeBlanc

## RESPONSES AND OBJECTIONS

To the extent some documents are being made available, Defendant may withhold privileged documents otherwise responsive to these requests.

### REQUEST FOR PRODUCTION NO. 1:

If available, the 2007 Canadian income tax return.

### RESPONSE:

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. After the hearing, if necessary, and subject to the Agreed Protective Order, Defendant will make responsive, non-privileged documents available for inspection and copying at the offices of Buck, Keenan, Gage, Little & Lindley, L.L.P. at a mutually convenient time.

### REQUEST FOR PRODUCTION NO. 2:

Financial statements submitted to all creditors that have extended credit to the Corporation since January 1, 2006 to the present.

### RESPONSE:

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

### REQUEST FOR PRODUCTION NO. 3:

A copy of the 2007 general ledger of the Corporation.

### RESPONSE:

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 4:**

All general journal entries of transactions that involved any related parties of the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of any lease agreement involving any related party and the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 6:**

Copies of all documents relied upon by the Corporation's accountants Mallette to determine a related party of the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 7:**

Copies of bills of sale, invoices, or other similar documents that evidence the amount of accounts receivable owed by customers (whether related parties or third parties) to the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 8:**

Copies of any contracts that concern or relate to the sale of any of the Corporation's products.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist, and this request could infringe upon confidentiality obligations owed to third-parties. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 9:**

Copies of all documents that evidence the amount of monies the Corporation claims is owed to any related party including, including copies of notes, checks, wire transfers, and other similar documents that evidence the receipt of the credit.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 10:**

Copies of all checking account agreements of the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 11:**

Copies of all checking account statements of the Corporation between January 1, 2006 to the present.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 12:**

Copies of all board of director meetings that concern or relate to the judgment taken by Right of Way against the Corporation, the payment of monies to any related parties and of any discussion of the solvency of the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 13:**

Copies of any management contracts involving the Corporation between January 1, 2005 to the present.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 14:**

Copies of documents evidencing ownership of the Corporation's assets including bills of sale, certificates of title and deeds.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 15:**

Any documents that evidence the payment of selling expenses to any related party since January 1, 2005.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 16:**

Any documents that evidence the payment to any related party attributable to the cost of goods sold and of the inventory held by the Corporation between January 1, 2006 to the present.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 17:**

Copies of documents related to the acquisition of inventory by the Corporation including any contract involving the purchase of the inventory between January 1, 2006 to the present.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment. After the hearing, if necessary, and subject to the Agreed Protective Order, Defendant will make responsive, non-privileged documents available for inspection and copying at the offices of Buck, Keenan, Gage, Little & Lindley, L.L.P. at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 18:**

Copies of any documents related to the sales of any product or services to any related party of the Corporation between January 1, 2006 to the present.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment. After

the hearing, if necessary, and subject to the Agreed Protective Order, Defendant will make responsive, non-privileged documents available for inspection and copying at the offices of Buck, Keenan, Gage, Little & Lindley, L.L.P. at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 19:**

Copies of any documents related to the receipt or payment of royalties by the Corporation since January 1, 2005.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment. After the hearing, if necessary, and subject to the Agreed Protective Order, Defendant will make responsive, non-privileged documents available for inspection and copying at the offices of Buck, Keenan, Gage, Little & Lindley, L.L.P. at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 20:**

Copies of any documents that concern or relate to any supply agreement between the Corporation and any related party between January 1, 2006 to the present.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment. After the hearing, if necessary, and subject to the Agreed Protective Order, Defendant will make responsive, non-privileged documents available for inspection and copying at the offices of Buck, Keenan, Gage, Little & Lindley, L.L.P. at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 21:**

Copies of any territory or sales agreement that concern or relate to the sale of any of the Corporation's product with any related party.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment. After the hearing, if necessary, and subject to the Agreed Protective Order, Defendant will make responsive, non-privileged documents available for inspection and copying at the offices of Buck, Keenan, Gage, Little & Lindley, L.L.P. at a mutually convenient time.

**REQUEST FOR PRODUCTION NO. 22:**

Copies of the stock certificates of the Corporation reflecting ownership in the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 23:**

The stock ledger of the Corporation reflecting the owners or holders of the stock of the Corporation.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 24:**

Copies of all documents that evidence the amount of monies the Corporation claims is owed by any related party including, including copies of notes, checks, wire transfers, and other similar documents that evidence receipt of the credit.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Defendant objects because this request is overly broad through its use of the defined term "Corporation." Specifically, the definition seeks to impose upon Defendant relationships and associations that do not exist. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 25:**

Copies of all financial statements of Gyro-Trac West Coast Inc. including all balance sheets and income statements since January 1, 2005.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Further, Gyro-Trac West Coast, Inc. is a separate entity not a party to the lawsuit or the judgment. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.

**REQUEST FOR PRODUCTION NO. 26:**

Copies of all financial statements of Gyro-Trac Coto Quest, Inc., 177538 Canada Inc., 9088-8991 Quebec. Inc., and Gyro-Tree (Technologies), Inc. including all balance sheets and income statements since January 1, 2005.

**RESPONSE:**

Defendant objects because this request could be unnecessary if the Court grants Defendant's Motion to Supersede the Judgment and Stay Execution. Further, Gyro-Trac West Coast, Inc., 177538 Canada Inc., 9088-8991 Quebec. Inc., and Gyro-Tree (Technologies), Inc. are, to the extent that they exist, separate entities that are not a party to the lawsuit or the judgment. Further, many of these documents, or documents containing discoverable information responsive to this request, have already been produced, and this request can only be intended for the purposes of harassment.