IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RIGHT OF WAY MAINTENANCE COMPANY d/b/a ROWMEC,** § § | | |
| **Plaintiff,** § § | | |
| v. § | Civil Action 4:05-cv-04081 | |
| § | | |
| **GYRO-TRAC, INC. and GYRO-TRAC (U.S.A.), INC.,** § § | | |
| **Defendants.** § | | |

### PLAINTIFF'S MOTION TO REURGE PLAINTIFF'S SECOND POST-JUDGMENT MOTION TO COMPEL

TO THE HONORABLE GRAY H. MILLER:

Right of Way Maintenance Company ("ROWMEC") reurges its Second Post-Judgment Motion to Compel full and complete answers to post judgment interrogatories and requests for production and respectfully requests this Court to enter all such orders that will allow ROWMEC to discovery such assets of the Defendants that may be executed in order to satisfy its final judgment. In support thereof, ROWMEC respectfully shows:

### I.  Background

1.    On June 12, 2007, the Court entered a Final Judgment against the Defendants in the amount of $3.6 million, bearing interest at the rate of 4.98 percent per annum. (Dkt. No. 154). The Defendants appealed the Final Judgment but failed to take any efforts to stay the enforcement of the judgment.

2.    On April 1, 2008, ROWMEC filed Plaintiff's Second Post-Judgment Motion to Compel. (Dkt. No. 227). This Motion was filed in order to compel the Defendants to produce documents which they had previously been Ordered to produce and compel production of documents responsive to ROWMEC's second set of written post-judgment discovery.

3. On April 23, 2008, before the Court heard ROWMEC's Second Post-Judgment Motion to Compel, the parties filed an Agreed Motion to Supersede Judgment. (Dkt. No. 230). The same day, the Court entered an Order staying collection efforts on the Final Judgment during the appeal and denying all pending post-judgment discovery motions as moot. (Dkt. No. 231).

4. On December 18, 2008, the United States Court of Appeals for the Fifth Circuit issued an Opinion affirming the Final Judgment in all respects. *Right of Way Maintenance Co. v. Gyro-Trac, Inc.*, 303 Fed.Appx. 229, 2008 WL 5262701 (not designated for publication). The Mandate issued on January 9, 2009. The Defendants have sought no further appeals.

5. On July 13, 2009, ROWMEC filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the case styled, *In re Right of Way Maintenance Equipment Company*, No. 09-35037, in the United States Bankruptcy Court, Southern District of Texas, Houston Division. ROWMEC is a Debtor-in-Possession, and the undersigned counsel have been authorized by the Bankruptcy Court to represent the ROWMEC as Debtor-in-Possession.

6. The Final Judgment in the above-styled and numbered case represents an asset of the ROWMEC estate.

7. As of the date of the filing of this Motion, the Defendants have only paid $3,600,000. While this one-time payment was equal to the Final Judgment, it did not take into consideration that accrued interest at the time of the payment on February 18, 2009 was $309,909.17. The outstanding balance on the Final Judgment is $317,097.98.

## II. Arguments & Authorities

8. Because the Defendants have exhausted all appellate remedies, the Order staying collection efforts (Dkt. No. 231) is now moot, and ROWMEC should be allowed to pursue all lawful remedies to collect on the Final Judgment, including post-judgment discovery.

9. ROWMEC has a right to discover information pertaining to the Defendants' ability to satisfy the Final Judgment. *See F.D.I .C. v. LeGrand,* 43 F.3d 163, 172 (5th Cir. 1995) ("The scope of post-judgment discovery is very broad to permit a judgment creditor to discover assets upon which execution may be made."). The normal procedure of compelling answers to discovery to apply to post-judgment discovery requests. Fed. R. Civ. P. 69(a); *see also McElveen v. Carib Inn Intern., Inc.,* 71 F.R.D. 193, 194 (S.D.Tex. 1976). Therefore, as in pre-trial discovery, because the Defendants have failed to fully and completely answer relevant discovery requests, ROWMEC is entitled to seek an Order compelling full and complete responses. Fed. R. Civ. P. 37(a)(2)(B).

10. There are numerous requests in which the Defendants have produced no information. The requests, responses, a showing of the relevance of the discovery requests, and a summary of the discovery requests are fully set out in the original Plaintiff's Second Post-Judgment Motion to Compel (Dkt. No. 227), and its contents are incorporated herein by reference. For the reasons stated within the Plaintiff's Second Post-Judgment Motion to Compel, this Court should enter an Order compelling the Defendants to promptly make full and complete answers to ROWMEC's discovery requests.

11. Because ROWMEC is now a Debtor-in-Possession in a pending bankruptcy case, the Final Judgment is an asset of the bankruptcy estate. Moreover, to the extent that the Final Judgment may be collected, such funds may be a material component of a future plan of reorganization; therefore, it is important for ROWMEC and its creditors, to expeditiously discover all discoverable information regarding the collectability of the Final Judgment.

### III. Conference with Opposing Counsel

12. The undersigned counsel affirmatively represents that he attempted to confer with opposing counsel regarding this Motion in an effort to resolve one, or more, of the disputed issues without seeking the aid of the Court. In particular, on August 7, 2009, my associate, William P. Haddock, faxed a draft of this motion to opposing counsel requesting that they contact the firm regarding this Motion. As of the time of the filing of this Motion, no conference has occurred. Over the next 20 days, the undersigned will continue to attempt to confer with opposing counsel.

13. WHEREFORE, premises considered, Right of Way Maintenance Company respectfully requests that the Court grant its Second Post-Judgment Motion to Compel (Dkt. No. 227) as originally requested and grant it all such further relief which is just.

Respectfully Submitted,

/s/ *Leonard H. Simon*
LEONARD H. SIMON, ESQ.
TBN: 18387400; SDOT No. 8200
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (832) 202-2810
lsimon@pendergraftsimon.com

Lead Counsel for Right of Way Maintenance Company, Debtor-in-Possession

**Of Counsel:**

William P. Haddock
TBN: 00793875; SDOT No. 19637
Pendergraft & Simon, L.L.P.
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

## Certificate of Service

I hereby certify that a true and correct copy of the above Plaintiff's Motion to Reurge Plaintiff's Second Post-Judgment Motion to Compel has been served on the following counsel/parties of record in accordance with Fed. R. Civ. P. 5 and the Administrative Rules for Electronic Filing on this 11th day of August 2009:

| | | |
|---|---|---|
| James Patrick Keenan<br>Jared Gregory LeBlanc<br>Buck, Keenan, Gage, Little & Lindley<br>700 Louisiana, suite 5100<br>Houston, TX 77002<br>*Counsel for Defendants* | Mark Alan Kerstein<br>Attorney at Law<br>9801 Westheimer, Suite 302<br>Houston, TX 77042<br>*Counsel for Defendants* | Michael S. Hays<br>Hays, McConn, Rice & Pickering<br>1233 West Loop South, Suite 1000<br>Houston, TX 77027<br>Fax: 713-650-0027<br>*Counsel for The Bandis Law Firm, P.C.* |
| Daniel J. McTaggart<br>Billy Shepherd<br>Cruse, Scott, Henderson & Allen, L.L.P.<br>2777 Allen Parkway, 7th Floor<br>Houston, TX 77019<br>Fax: 713-650-1720<br>*Counsel for the Shackelford Law Firm* | | |

                        /s/ *Leonard H. Simon*
                        Leonard H. Simon, Esq.